# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| FARMLAND INDUSTRIES, et al., | ) | Case No. 02-50557 |
| | ) | |
| Debtors. | ) | Joint Administration |
| | ) | |
| | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 05-4124 |
| | ) | |
| HAROLD DEAN CLEBERG, ROBERT HONSE, TERRY CAMPBELL, ALBERT SHIVLEY, LYMAN ADAMS JR., RON AMUNDSON, BAXTER ANKERSTJERNE, JODY BEZNER, RICHARD DETTEN, STEVEN ERDMAN, HARRY FEHRENBACHER, MARTIE FLOYD, WARREN GERDES, BEN GRIFFITH, GAIL HALL, BARRY JENSEN, RON JURGENS, WILLIAM KUHLMAN, GREG PFENNING, MONTE ROMOHR, JOE ROYSTER, E. KENT STAMPER, ELI VAUGHN, FRANK WILSON, TOM GIST, DONALD GALES, DONALD ANTHONY, LARRY DAHLSTEN, OTIS MOLZ , and J.P. MORGAN TRUST COMPANY, N.A., in its Capacity as Trustee of the FI LIQUIDATING TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on the motion to dismiss filed by twenty-nine former officers and directors[1] of the Debtor, Farmland Industries, Inc., on July 13, 2005. The Movants contend that the Court has and should exercise its discretion to dismiss this adversary proceeding because it is duplicative of a case pending in state court that raises the same issues, involves substantially the same parties, and does not involve federal law. The plaintiff, Federal Insurance Co. ("Federal"), objects to the Movants' motion on the grounds that the two lawsuits are not duplicative because J.P. Morgan, in its capacity as Trustee of the FI Liquidating Trust ("Liquidating Trustee"), is named as a defendant in this proceeding, whereas the Liquidating Trustee is not joined in the State Action, though it is a necessary party.

On August 9, 2005, the Court held a hearing on the Movants' motion at which the Movants, Federal, and the Liquidating Trustee appeared through counsel and offered argument in support of their respective positions.[2] The Court took the matter under advisement at the conclusion of the hearing.

Upon consideration of the pleadings, arguments, and relevant law, the Court will dismiss this adversary proceeding.

## BACKGROUND

The chain of events leading up to this motion began on January 26, 2005. The Liquidating Trustee filed a complaint ("Complaint") in this Court alleging that the Movants had breached their fiduciary duties and committed corporate waste in certain aspects of their management of the Debtor. The Movants responded to the Complaint by filing two lawsuits. First, on May 3, 2005, they filed a petition in the District Court for Douglas County, Kansas ("State Action") against Federal and the other insurance carriers that provided

---

[1] They are Harold Dean Cleberg, Robert Honse, Terry Campbell, Albert Shivley, Lyman Adams Jr., Ron Amundson, Baxter Ankerstjerne, Jody Bezner, Richard Detten, Steven Erdman, Harry Fehrenbacher, Martie Floyd, Warren Gerdes, Ben Griffith, Gail Hall, Barry Jensen, Ron Jurgens, William Kuhlman, Greg Pfenning, Monte Romohr, Joe Royster, E. Kent Stamper, Eli Vaughn, Frank Wilson, Tom Gist, Donald Gales, Donald Anthony, Larry Dahlsten, and Otis Molz (collectively, "Movants").

[2] The Liquidating Trustee did not file a written response to the Movants' motion, but counsel for the Liquidating Trustee voiced its opposition to the motion at the hearing.

2

Directors' and Officers' liability coverage for the Debtor.[3] Then, on May 10, 2005, the Movants filed a declaratory judgment action ("Indemnity Action") in this Court against the Liquidating Trustee and Reorganized FLI, Inc., the reorganized debtor in the underlying case. The State Action seeks a declaratory judgment determining the extent to which the Movants' claims of indemnification are covered by the Debtor's insurance policies, and the Indemnity Action seeks a determination that the Movants are, in fact, entitled to indemnification.

Federal has responded to the Movants on two fronts: 1) by filing a motion to dismiss the State Action for failure to name the Liquidating Trustee as a necessary party, and 2) by filing a declaratory judgment action ("Federal Action") in this Court seeking essentially the same relief sought by the Movants in their State Action. The Court now considers the Movants' motion to dismiss the Federal Action.

## DISCUSSION

Like all federal courts, the bankruptcy court is a court of limited jurisdiction and must be vigilant of the limits of its jurisdiction.[4] In the course of evaluating the Movants' request (which is well taken) that the Court exercise its discretion to dismiss or stay this declaratory judgment action to allow a parallel state court action to proceed, the tenuous basis of the Court's jurisdiction over this matter became apparent. So apparent that the Court now believes that it would have been <u>required</u> to abstain from hearing this matter under 28 U.S.C. § 1334(c)(2) if a proper motion had been filed, inasmuch as all of the substantive requirements for mandatory abstention have been met – the dispute turns on state law, it is related to a case arising under title 11 but does not arise under title 11, and it could not have been commenced in a federal

---

[3] The other insurers named in the State Action are Gulf Insurance Company and St. Paul Mercury Insurance Company.

[4] *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Jader v. Principal Mut. Life Ins. Co.*, 925 F.2d 1075, 1077 (8th Cir. 1991) ("Federal courts are courts of limited jurisdiction and the 'threshold requirement in every federal case is jurisdiction.' ") (citation omitted); *Retirement Systems of Alabama v. Merrill Lynch & Co.*, 209 F.Supp.2d 1257, 1269 (M.D. Ala. 2002) ("[F]ederal courts should remain ever-vigilant over the limits of their own jurisdiction.")

3

court absent jurisdiction under 28 U.S.C. § 1334.[5]  When most of the criteria for mandatory abstention have been met, bankruptcy courts should give "careful consideration whether it would be appropriate to exercise their discretion to abstain under § 1334(c)(1)."[6]  Upon such careful consideration, the Court finds that permissive abstention pursuant to § 1334(c)(1) is clearly warranted in this case.[7]

Therefore, the Court will dismiss this case on two grounds: (1) based on an exercise of the Court's discretion to dismiss a declaratory judgment action when there is a pending parallel state court proceeding, and (2) based on the Court's authority under § 1334(c)(1) to permissively abstain from a matter.

**Discretionary Dismissal**

Federal cites the federal Declaratory Judgment Act, 28 U.S.C. § 2201, as the basis for federal jurisdiction in this lawsuit. Federal jurisdiction under § 2201, however, is discretionary.[8]  Federal courts are "under no compulsion to exercise their jurisdiction under the Declaratory Judgment Act."[9]  Section 2201 is silent on the factors a federal court should use to determine whether to exercise jurisdiction under the statute, but there is well-established precedent that a court should dismiss or stay a declaratory judgment action when a parallel proceeding is pending in state court.[10]

---

[5] 11 U.S.C. § 1334(c)(2).

[6] *In re Rusty Jones, Inc.*, 124 B.R. 774, 780 (Bankr. N.D. Ill. 1991). *See also*, *In re Gober*, 100 F.3d 1195, 1207 (5th Cir. 1996); *In re West Coast Video Enterprises, Inc.*, 145 B.R. 484, 485 (Bankr. E.D. Pa. 1992) (same). The cited cases all involved substantive, not procedural, deficiencies. So the case for permissive abstention is even more compelling here because <u>all</u> of the substantive elements have been met.

[7] In contrast to mandatory abstention under § 1334(c)(2), permissive abstention under § 1332(c)(1) may be considered by a court *sua sponte.  See, e.g., In re Gober*, 100 F.3d at 1207 (5th Cir. 1996); *In re First United Partners 9* (*First United Partners 9 v. Williams Meat Co.*), 71 B.R. 233, 234 (Bankr. W.D. Mo. 1986).

[8] *United States Fidelity and Guaranty Co. v. Murphy Oil USA, Inc.*, 21 F.3d 259,260 (8th Cir. 1994).

[9] *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942).

[10] *Capitol Indemnity Corp. v. Haverfield*, 218 F.3d 872 (8th Cir. 2000) (citing *Brillhart*).

> Under *Brillhart,* a district court must consider the scope and nature of the pending state court proceeding to ascertain whether the issues in controversy between the parties to the federal action, not foreclosed under applicable substantive law, can be better settled by the state court. If so, the district court must dismiss the federal action because "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."[11]

Federal acknowledges this precedent but maintains that dismissal is not warranted here because the Federal Action and State Action are not parallel. Specifically, Federal contends that the State Action is different and, moreover, deficient, because it fails to name the Liquidating Trustee as a defendant or interested party, whereas Federal has named the Liquidating Trustee as a defendant in the Federal Action.[12] The Movants counter that the Liquidating Trustee is not a necessary party and that "substantial similarity" of parties is all that is necessary to warrant dismissal of the parallel Federal Action.

Ironically, Federal's near simultaneous (five days apart) filing of the Federal Action in this Court and the motion to dismiss the State Action highlights the need for this Court to stay or dismiss this Adversary Proceeding because Federal has essentially asked two different courts the identical question – that is, whether the Liquidating Trustee is a necessary party to the litigation. Consequently, any determination this Court makes regarding the necessity of the Liquidating Trustee's presence in the Federal (and, by implication, State) Action, risks direct conflict with the State Court's forthcoming decision on

---

[11] *Id.* (citing and quoting *Brillhart*).

[12] Notably, Federal has not clearly identified how or what rights would be affected; instead, Federal insists that under Kansas Supreme Court precedent – *Heinson v. Porter*, 772 P.2d 778 (Kan. 1989) – the underlying plaintiff in a tort action (*i.e.*, the insured) is a "contingently necessary" party to a declaratory judgment action between the defendant and the insurer regarding insurance the extent of insurance coverage. The Movants dispute the precedential value of *Heinson*. In light of the Courts' dismissal of the case on other grounds, we do not need to interpret, apply, or comment further on *Heinson*.

Federal's motion to dismiss.[13] The Court is not willing, nor does it believe that it is necessary or appropriate, to take that risk – especially in light of the fact that dismissal of this case is also warranted by 28 U.S.C. § 1334(c)(1). Accordingly, the Court will exercise its discretion not to take jurisdiction over this declaratory judgment action based on the existence of a pending, parallel state court proceeding.

**Abstention**

Under § 1334(c)(1), a bankruptcy court may, in the interests of justice and comity, abstain from hearing a bankruptcy-related proceeding. In determining whether abstention is appropriate under § 1334(c)(1), courts consider numerous factors, including:

(1) the extent to which the issues involve difficult or unsettled issues of state law;
(2) the extent to which state law or other esoteric and technical issues predominate;
(3) the effect of abstention on the efficient administration of the bankruptcy proceedings;
(4) the presence of a commenced state law action in which the matter may be determined;
(5) the degree of relatedness to the main bankruptcy proceeding;
(6) the burden on the bankruptcy court's docket;
(7) the likelihood that one of the parties is forum shopping;
(8) the presence or necessity in the proceeding of non-debtor parties;
(9) the existence of a jurisdictional basis other than 28 U.S.C. § 1334;
(10) the existence of a right to a jury trial and whether the parties do or do not consent to jury trial in the bankruptcy court;
(11) the financial condition of the parties; and
(12) the case's status as a "related" matter rather than a core proceeding.[14]

In this case, none of these factors weighs against abstention and eight out of twelve of them weigh heavily in favor: (2) state law issues are the predominant, if not the only, issues involved; (3) abstention will have little or no effect on the administration of the bankruptcy case; (4) as discussed above, a parallel state

---

[13] The determination of a party's "necessity" in a federal lawsuit is actually controlled by federal law, but that determination turns in large part on an assessment of the parties' rights under state law. *See Jett v. Zink,* 362 F.2d 723, 726 (5th Cir. 1966). Thus, the risk of inconsistent judgment is still great.

[14] *Phelps Technologies, Inc. v. O'Connor* (*In re Phelps Technologies, Inc.*), 238 B.R. 819, 823 (Bankr. W.D. Mo. 1999). *See also*, *J.R. Simplot Co. v. Farmland Indus.* (*In re Farmland Indus.*), 294 B.R. 892, 900 (Bankr. W.D. Mo. 2003) (stating that these factors are to be applied with flexibility; no one factor is determinative and the relevance of any particular factor depends on the circumstances of the individual case), *vacated*, 296 B.R. 497 (Bankr. W.D. Mo. 2003).

law action is currently pending in the District Court for Douglas County, Kansas; (5) this action is only remotely and contingently related to the main bankruptcy proceedings – the estate will only be affected if it is determined that the Movants have indemnifiable expenses that are not covered by insurance (and even then the effect would be limited to a claim against the estate for the attorneys' fees incurred by the Movants in defending the Complaint); (7) the timing and similarity of the Federal and State Actions suggest that Federal is forum shopping; (8) the dispute is largely, if not completely, between non-debtor parties; (9) as stated above, the only other federal jurisdictional basis cited for this lawsuit is § 2201,[15] and the Court declines to exercise its jurisdiction on that basis; and (12) this matter is clearly not a "core" proceeding, inasmuch as it is not "the type of proceeding unique to or uniquely affected by the bankruptcy proceeding . . . [nor does it] directly affect a core bankruptcy function,"[16] and, as noted with regard to factor five, even the case's status as a "related" proceeding is tenuous.

Thus, a review of these factors leads to the inescapable conclusion that permissive abstention is warranted in this case.

## CONCLUSION

For the reasons stated above the Court will grant the Movants' motion to dismiss this case. A separate order dismissing the case without prejudice shall be entered pursuant to Fed. R. Bankr. P. 9021.

**ENTERED** this 2nd day of September 2005.

                                                /s/ Jerry W. Venters
                                                United States Bankruptcy Judge

Copy of the foregoing mailed electronically or
conventionally to:
James H Kallianis
Thomas R. Buchanan

---

[15] In its complaint, Federal also cites § 1332, diversity jurisdiction, as a basis for federal jurisdiction in this matter, but the only cause of action raised in the complaint is for a declaratory judgment, which brings us back to § 2201.

[16] *In re United States Lines, Inc.*, 197 F.3d 631, 637 (2nd Cir. 1999). *See also, In re Williams*, 256 B.R. 885, 891 (B.A.P. 8th Cir. 2001).

Matthew T. Geiger
Hugh L Marshall